# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CANDY WORKMAN,**
**Claimant Below, Petitioner**

**FILED**

February 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0105** (BOR Appeal No. 2050601)
(Claim No. 2008003594)


**SUNDANCE SERVICES CORPORATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Candy Workman, by Stephen P. New and Gavin Ward, her attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Sundance Services Corporation, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 7, 2016, in which the Board affirmed a June 29, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 8, 2015, decision to deny a request to reopen the claim for permanent partial disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Workman, an occupational therapist, injured her back and hip while assisting a patient at work on July 17, 2007. The claim was held compensable for a lumbar sprain as well as a displaced lumbar disc. On August 27, 2009, Paul Bachwitt, M.D., completed an independent medical evaluation, in which he opined that Ms. Workman was at maximum medical improvement and suffered form 20% whole person impairment related to the injury. The claims

1

administrator granted Ms. Workman a 20% permanent partial disability award on October 28, 2009.

The claims administrator's award was affirmed by the Office of Judges on February 22, 2011. However on July 22, 2014, Ms. Workman was evaluated by Robert Walker, M.D. In his independent medical evaluation report, Dr. Walker opined that Ms. Workman suffered from 25% whole person impairment related to the compensable injury. Based upon Dr. Walker's findings, Ms. Workman submitted a permanent partial disability reopening request on January 2, 2015. This request was denied by the claims administrator on January 8, 2015.

The Office of Judges found that because the permanent partial disability request was not filed in a timely fashion, it was properly denied by the claims administrator. The Office of Judges found that pursuant to West Virginia Code § 23-4-16(a)(2) (2005), all requests to reopen a claim for permanent partial disability benefits must be made within five years of the date of the initial award. The Office of Judges also noted that West Virginia Code § 23-4-16(a)(2) makes no exceptions to the five-year limitation for reopening a claim for permanent partial disability benefits. The Office of Judges found that the initial award occurred on January 28, 2009, when the claims administrator granted Ms. Workman a 20% permanent partial disability award. The Office of Judges found that Ms. Workman's request for reopening was not made until January 2, 2015, which was beyond the time frame set forth in West Virginia Code § 23-4-16(a)(2). The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

After review, we agree with the findings and conclusions of the Office of Judges and Board of Review. It is clear that Ms. Workman's application to reopen her claim for permanent partial disability benefits was filed outside the time frame set forth in West Virginia Code § 23-4-16(a)(2). Ms. Workman contends that *Hammons v. West Virginia Office of Insurance Commissioner*, 235 W. Va. 577, 775 S.E.2d 458, (2015), supports her argument that her case should be reopened. However, it is clear that *Hammons* does not apply in this case. In Syllabus Point 5 of *Hammons* this Court held that:

> When a workers' compensation claimant (1) receives an award of permanent partial disability (PPD) for an initial workplace injury; (2) timely files a reopening request pursuant to W. Va. Code § 23–4–16(a)(2) (2005) (Repl. Vol. 2010) seeking to add an additional, related injury to his/her claim; (3) such additional injury is ruled compensable; and (4) the Commission, or other named party, fails to refer the claimant for a PPD evaluation in accordance with W. Va. Code § 23–4–7a(f) (2005) (Repl. Vol. 2010), the claimant may request a PPD evaluation referral even if the time period for reopening the initial claim, contemplated by W. Va. Code § 23–4–16(a)(2), has expired.

*Id*. at 592, 775 S.E.2d at 473. The case at bar does not meet the narrow exception set forth in *Hammons* because Ms. Workman did not timely file a reopening request and did not seek to add an additional or related injury to her claim. Because Ms. Workman failed to file her permanent

partial disability reopening request within the time frame and did not meet the narrow exception set forth in *Hammons*, the claim was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3